■ JOSEPH KRAKER et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Appellant. WELSBACH ELECTRIC CORP., Third-Party Defendant; CITY OF NEW YORK, Second Third-Party Defendant-Respondent. (And a Third Third-Party Action.) [900 NYS2d 664]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff/second third-party plaintiff appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated August 11, 2008, as denied its motion for summary judgment dismissing the complaint and granted that branch of the second third-party defendant's motion which was for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The injured plaintiff was performing streetlight maintenance when he received an electric shock. He and his wife, suing derivatively, commenced this action to recover damages for personal injuries, etc., against the defendant, Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). Con Ed commenced third-party actions against, among others, the second third-party defendant, City of New York. Con Ed moved for summary judgment dismissing the complaint, and the City moved, inter alia, for summary judgment dismissing the second third-party complaint. In the order appealed from, the Supreme Court, among other things, denied Con Ed's motion and granted that branch of the City's motion which was for summary judgment dismissing the second third-party complaint. Con Ed appeals, and we affirm the order insofar as appealed from.

Con Ed failed to make a prima facie showing of its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). In particular, triable issues of fact exist as to whether Con Ed exercised due care in insulating and grounding its wires and power lines (see Miner v Long Is. Light. Co., 40 NY2d 372, 379 [1976]; Braun v Buffalo Gen. Elec. Co., 200 NY 484, 490, 492 [1911]; see also PJI 2:206; 53A NY Jur 2d, Energy § 318). Accordingly, the Supreme Court properly denied Con Ed's motion, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).

The City made a prima facie showing of its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]) by demonstrating that its acts or omissions were not a proximate cause of the injury (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Lapidus v State of New York, 57 AD3d 83, 94 [2008]). In response, Con Ed failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing Con Ed's second third-party complaint. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.